RANDALL CLAY GAITHER v. ELBERT L. PETERS, JR., COMMISSIONER OF MOTOR VEHICLES

No. 8221SC863

(Filed 16 August 1983)

Automobiles and Other Vehicles § 2.1— three convictions—offenses not committed on single occasion—assessment of points for each offense

Convictions of plaintiff for failure to yield the right-of-way, hit-and-run driving, and reckless driving after drinking were not convictions for traffic offenses "committed on a single occasion" within the purview of G.S. 20-16(c) where the first offense occurred when defendant ran a stop sign and struck another car, the second offense occurred when defendant left the accident scene, and the third offense occurred when plaintiff was caught three miles away driving after drinking. Therefore, the Commissioner of Motor Vehicles properly added points to defendant's driving record for each of the three offenses.

APPEAL by plaintiff from *Wood, William Z., Judge.* Judgment entered 8 June 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 June 1983.

Before March 2, 1981, plaintiff admittedly had seven points on his current driving record. Because of various events that oc-

curred on that day while he was operating his car in Davidson County, plaintiff was charged with several offenses, and when these charges were tried, plaintiff pleaded guilty to reckless driving after drinking, G.S. 20-140(c), to failure to yield the right-of-way, G.S. 20-158, and to hit-and-run driving, G.S. 20-166(b).

Under G.S. 20-16(c), convictions for reckless driving after drinking and for hit-and-run carry four points each, and failure to yield the right-of-way three points. But that statute also provides:

> In case of the conviction of a licensee of two or more traffic offenses committed on a *single occasion,* such licensee shall be assessed points for one offense only and if the offenses involved have a different point value, such licensee shall be assessed for the offense having the greater point value. (Emphasis supplied.)

After receiving proof of the above convictions, the defendant added four points to plaintiff's record for the hit-and-run violation and four for the reckless driving after drinking violation and suspended the plaintiff's driving privileges under G.S. 20-16(a)(5) for having accumulated twelve or more points during the preceding three years. The departmental hearing requested by plaintiff resulted in the suspension being affirmed, after which this action to restrain the enforcement of the suspension was filed pursuant to G.S. 20-25.

At trial, the evidence was to the following effect: On March 2, 1981, in Davidson County, while operating his car, plaintiff ran a stop sign at the intersection of Eller Road and U. S. Highway 52, struck another car in the intersection, and drove away from the accident scene without giving his name or address. An ambulance driver, not involved in the wreck, saw plaintiff drive away, followed plaintiff's vehicle down Highway 52, with the ambulance's red light flashing, and radioed the sheriff. The sheriff in turn radioed all of his vehicles about the chase, and a deputy cruising down Highway 52, but in the other direction, heard the report and shortly thereafter saw the two vehicles at the intersection of Highway 52 and Hickory Road. The deputy turned his vehicle around, gave chase, and stopped plaintiff's car at the intersection of Highway 52 and Gumtree Road, about three miles from the accident scene. Upon interrogating plaintiff and smelling alcohol on his breath, the deputy charged him with driving under

the influence, which at trial was reduced to reckless driving after drinking.

The trial court found that the three offenses were committed on three separate occasions—the first when the stop sign was run and the accident occurred, the second when the accident scene was left, and the third when plaintiff was caught three miles away driving after drinking—and affirmed the suspension.

*Bruce A. Mackintosh for plaintiff appellant.*

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for defendant appellee.*

PHILLIPS, Judge.

The only issue before us is whether the three traffic offenses described above were "committed on a single occasion," as those words are employed in G.S. 20-16(c). If so, plaintiff has less than twelve points on his driving record and the suspension order is invalid; if not, he has more than twelve points and the order is valid. In our opinion, the offenses were committed on more than one occasion and the order appealed from is affirmed.

Though the word "occasion" has more than one meaning, when used as a noun and limited to the singular, as in the statute, a commonly understood definition is—"a particular time at which something takes place: a time marked by some happening." Webster's Third New International Dictionary. No doubt that is the meaning the General Assembly had in mind when the word was used in the statute, the manifest purpose of which is to punish more lightly those licensees unfortunate enough to be convicted of two or more offenses because of what, in substance, is only one occurrence. To conclude that any of the word's other meanings was intended would render that part of the statute both incomprehensible and pointless; and, certainly, no purpose to benefit licensees that commit a series of offenses, even though within a brief span of time, is discernible from the statutory language.

Giving the word "occasion" its intended meaning, it is quite plain to us that: One particular time at which something took place relevant to plaintiff's case was when he ran his car through a stop sign at the Eller Road intersection and caused an accident; another such time was when he left that place without identifying

himself; and still another was when he drove recklessly five minutes later near Gumtree Road, three miles away. These offenses could not have occurred on a single occasion — approaching an accident scene is not the same occasion as leaving it, nor is either the same occasion as driving several minutes later at a completely different place, under completely different circumstances.

The order appealed from is

Affirmed.

Judges HEDRICK and WELLS concur.